## AQUILLA M. CARROLL *vs.* A. H. BOWEN ET AL., BUILDING COMMITTEE, ETC.

*Personal Liability of Agent Who Covenants in His Own name—Pleading.*

When an agent covenants in his own name to do certain things, he is personally liable.

A declaration alleged that the defendant agreed by contract under seal to erect suitable masonry work for a building which the plaintiff agreed to erect thereon, but failed so to do. whereby plaintiff in the construction of the building suffered great loss. The defendants pleaded that, at the time of sign·ing the agreement, they were acting as agents of the trustees

of a church corporation. *Held,* that a demurrer to this plea should have been sustained, since the agency therein alleged would not relieve the defendant from liability under the sealed agreement executed by them personally, and the plea was not in bar to the action.

*Held,* further, that this plea is not a plea in abatement.

*Decided April 1st, 1910.*

Appeal from the Circuit Court for St. Mary's County.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*L. B. Keene Clagett* and *Mortimer B. Hall* (with whom were *J. K. Bartlett* and *R. H. Bland* on the brief), for the appellant.

*John B. Gray,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The record in this case fails to disclose the entry of a final judgment in the Court below from which an appeal could have been taken, but by an agreement filed in the case on the 9th of February, 1910, it is agreed by the counsel of record, that the record shall contain the following entry as of date prior to the order of appeal filed herein: "Plaintiff's motion and demurrer overruled and judgment for costs for the defendants for want of replication to the fourth and additional plea."

The suit was brought in the Circuit Court for Calvert County, on the 4th day of April, 1907, by the appellant against the appellees to recover damages for the alleged failure of the appellees to furnish, provide and "erect suitable masonry work," for the appellant, in the erection, construction and completion of a certain church building, known as

Emmanuel M. E. Church, South, which the appellant had contracted to build for the appellees.

The record of proceedings in the case was subsequently, on the 9th day of November, 1908, removed to the Circuit Court for St. Mary's County for trial and from a judgment in favor of the defendants, as herein stated, this appeal has been taken.

The amended declaration and the one upon which the case was tried, is as follows: The plaintiff sues the defendants, the Building Committee of Emmanuel M. E. Church, South, "for that the said plaintiff and defendants, on the 19th day of September, in the year nineteen hundred and one, entered into a written agreement, signed and sealed by the said plaintiff and the said defendants, under which the said plaintiff bound himself to erect for the said defendants in Calvert County a certain church building, to be known as Emmanuel M. E. Church, South, exclusive of all masonry work, which said masonry work the defendants were bound to provide to be done in a proper and suitable manner before the said plaintiff could execute his part of the said agreement; and that the said defendants failed to perform their part of said agreement, in that they did not erect suitable or proper masonry work, as in the said agreement they were bound to do, and by reason of said failure by said defendants to perform their part of said agreement, as aforesaid, the plaintiff in the erection and completion of the said church under said agreement suffered great loss and damage."

To this declaration the defendants on October 26th, 1908, filed three pleas: first, never promised as alleged; second, performance; third, a counter claim and set off, and on March 15th, 1909, the following fourth and additional plea was filed: "That these defendants were at the time of the signing of the alleged agreement, to wit, on the 19th day of September, in the year 1901, acting for and as agents of the Trustees of Emmanuel M. E. Church, South, a corporation duly incorporated under the laws of Maryland."

On the 24th of March, 1909, the plaintiff interposed the following motion: "The plaintiff prays the Court to strike out the defendant's fourth and additional plea upon the following grounds: first, that said plea is inconsistent with the defendants' third plea, and second, that said plea is a plea in abatement and not proper to be allowed after pleading to the merits." And on the same day, the plaintiff demurred to the defendants' fourth and additional plea, and assigned as reasons therefor, that it was bad in substance and insufficient in law. The record further shows, that "at the instance of the plaintiff's attorneys the following docket entry is inserted in the record, to wit, "August 23rd, 1909.—Motion to strike out fourth plea, and demurrer overruled by the Court."

We have thus set out the pleadings in full, and it will be seen they are somewhat vague and indefinite, but it appears from the agreement of counsel filed on the 9th of February, 1910, that the case was heard in the Court below upon the plaintiff's motion to strike out the defendants' fourth plea, and upon the plaintiff's demurrer to this plea, so that the case is before us on appeal from a judgment rendered in favor of the defendants to review the rulings of the Court below upon these pleadings alone.

There was no demurrer to the defendants' first, second and third pleas, and no replication traversing the matters therein. We are therefore, confined to the questions raised on the demurrer to the fourth and additional plea. The motion to strike out the defendants' fourth plea and the demurrer thereto, however, practically and in effect, present the identical questions and will be considered together.

There was no precise defect stated, showing the inconsistency between the defendants' third and fourth pleas, as alleged in the motion to strike out the fourth plea, and if there was a substantial defect and imperfection in this plea, it could have been availed of on a demurrer to the plea, otherwise the plaintiff was obliged to answer the pleading. *Deford* v. *Hewlett,* 49 Md. 51; *Poe's Pleading & Practice,* Vol. 1, page 939 and secs. 667 and 734.

.The demurrer to the fourth plea cannot be made to mount up and reach defects and errors in pleas not demurred to. If the first and second pleas were manifestly bad, as urged by the appellant, in argument and in his brief, they should have been demurred to so as the defects could have been properly presented and determined by the Court. ·

Manifestly, the defendants' fourth plea is not a plea in abatement and cannot be so considered. If the plea be treated as a plea in abatement, the appellant's contention must prevail, because it is well settled that this character of plea . cannot be pleaded after a plea in bar has been filed unless the facts relied on to abate the action arise after the filing of such plea in bar. *Waggaman* v. *Nutt,* 88 Md. 275; *Cruzen* v. *McKaig,* 57 Md. 454.

Matters in abatement and matters in bar cannot be pleaded together; the pleas in bar necessarily supersede those in abatement. *Glenn* v. *Williams,* 60 Md. 93; *Spencer* v. *Patten,* 84 Md. 420. Dilatory pleas must always be accompanied by an affidavit that they are true in substance and in fact. *Poe's Pleading,* sec. 600.

. Mr. Poe in his work on Pleading, Vol. 1, sec. 601, says: "One peculiarity of dilatory pleas, which marks very clearly their difference from peremptory pleas or pleas in bar, is, they are, pleas which do not allege that the plaintiff has no right of action whatever against the defendant, but when analyzed they simply declare that the particular suit which he has seen fit to bring cannot be maintained, either for want of jurisdiction in the Court to hear it, or some other error in the proceedings."

We think the defendants' fourth plea in this case was a bad plea in answer to a declaration on an instrument under seal.

In *Glenn* v. *Williams,* 60 Md. 93, it is said: "To constitute a good plea in bar, the matter pleaded, must, if true, afford a full and complete answer to the action and show there is no right of recovery." In the case at bar, the plea states, these defendants were acting for, and as agents of the trus-

tees of Emmanuel M. E. Church, South, a corporation duly incorporated under the laws of Maryland.

The declaration, it will be seen, was on an instrument under seal, and while the agreement was not made a part of the pleadings yet the declaration avers that the plaintiff bound himself to erect for the defendants in Calvert County a certain church building, exclusive of all masonry work, which masonry work the defendants were bound to provide to be done in a proper and suitable manner before the plaintiff could execute his part of the agreement, and the defendants failed to perform their part of the agreement, in that they did not erect suitable or proper masonry work, as in the said agreement they were bound to do and by reason of the failure by the defendants to perform their part of the agreement, the plaintiff in the erection and completion of the church under the agreement suffered great loss.

The specific breach alleged in appellant's declaration is that the appellees did not erect suitable or proper masonry work, as in the agreement they were bound to do.

The appellees' alleged agency as disclosed in the fourth plea would not relieve the appellees of liability under the sealed agreement, and therefore, did not constitute a bar to the action. *Stewart* v. *Katz,* 30 Md. 334; *Gott* v. *State,* 44 Md. 319.

From these views it follows that the plaintiff's demurrer to the defendants' fourth plea should have been sustained.

The judgment for the defendants will therefore be reversed and a new trial awarded.

> *Judgment reversed and a new trial awarded, with costs.*