# EDWIN M. WILMER

## *vs.*

# SUSAN E. PLACIDE.

*Interest publicae ut finis sit litium.*

Wherever an issue exists in an action or proceeding, each of the parties should anticipate that the adversary will offer evidence to support his side of it, and should be prepared with counter-proof. Where he has had such opportunity and does not avail himself of it, or though availing himself of it is unable to overcome the effect of the other side's evidence, he can not obtain what, in effect, would be a new trial of the issue before another tribunal by charging that the judgment against him was procured by fraud. •                      p. 341

Public policy demands that there should be an end of litigation.                                           p. 341

*Decided December 4th, 1915.*

Appeal from the Circuit Court of Baltimore City. (DOBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*David Ash,* for the appellant.

*Charles F. Stein* and *John L. Sanford,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This is the fourth time that this case in some aspect of it has been before this Court. The first time was in *Wilmer* v. *Placide,* 118 Md. 305, and it is with the case then presented that the present appeal is most intimately connected. The full record of the facts contained in the opinion prepared by JUDGE PATTISON in that case renders a repetition of them entirely unnecessary.

In the present appeal a bill has been filed in the Circuit Court of Baltimore City to vacate and set aside the decree entered in the case mentioned, and for various other incidental matters of relief, and reciting with some detail the prior litigation. A demurrer was interposed, which upon hearing was sustained, with leave to amend within a limited time, failing in which the bill was to be dismissed.

For all practical purposes the bill is one under which the complainant seeks to obtain a retrial of the questions which were involved and had been passed upon in the case reported in 118 Md., and the grounds upon which this was asked to be done were, first, fraud; and second, newly discovered evidence.

The fraud alleged in the present bill is said to consist in perjured evidence in the trial of the first cause upon a number of material points, and the allegation as to newly discovered evidence, so far as is disclosed by the bill, consists in the discovery of certain witnesses, who it is averred would contradict this perjured evidence, and that such witnesses were beyond the reach of the complainant, or that he was ignorant of the testimony which they could give, at the time of the prior trial. Elaborate briefs have been filed upon both sides, but the case presented is one to be readily disposed of.

As to the allegation that the decree now sought to be set aside was obtained by perjured testimony, in the view of this

Court it falls directly. under the rule as laid· down in the case of *Md. Steel Co.* v. *Marney,* 91 Md. 360. In that case this Court cited at length, and adopted as the law of Mary-land, the rule as announced in *Pico* v. *Cohn,* 91 Cal. 133. A full collection of the cases upon both sides of this question will be found in an elaborate note to·the case of *Pico* v. *Cohn,* in 25 Am. State Rep., beginning on page 165. See also *Steen* v. *March,* 132 Cal. 617; *Holton* v. *Davis,* 108 Fed. 150; *Bradbury* v: *Wells,* 16 L. R. A. (N. S.) 242, and note in *Bleakley* v. *Barclay,* 10 L. R. A. (N. S.) 230. Also ex-tensive note in *Little Rock & F. S. Ry. Co.* v. *Wells,* 54 Am. State Rep. 219, 233.

So firmly is the rule settled that it has been adopted by various text writers. Thus in· 2 *Freeman on Judgments,* sec. 489, it is said: "The procuring of a judgment by per-jury or subordination of perjury is doubtless a fraud, and such a fraud as would induce equity to grant relief were it not for the fact that its existence can rarely or never be as-certained otherwise than by trying anew an issue already tried in the former action. Whenever an issue exists in any action or proceeding, each of the parties should anticipate that his adversary will offer evidence to support his side of it, and should be prepared to meet such evidence with counter proofs. Where he has an opportunity to do this, ·and does not avail himself of it, or though availing himself of it, is unable to·overcome the effect upon the Court or jury of the evidence offered by his adversary, he cannot, in effect, obtain a retrial of the issue before another tribunal by charging that the judgment against him was procured by fraud."

And for this statement a long list of authorities is cited. In 6 *Pomeroy's Equity,* sec. 649, it is said, that perjury·is a fraud, but it does not prevent an adversary trial, and the fraud requisite must be such as prevents the party from hav-ing an adversary trial. "This rule seems harsh for often a party will· loose valuable rights because of the perjury of his adversary. However, public policy seems to demand that there be an end to litigation."

Instances of the fraud for which the reopening of a case will be granted are, keeping the opposing party away from the Court; a false offer of compromise; where a defendant never had any knowledge of the suit, as in the *Foxwell case,* 122 Md. 263; or where an attorney without authority assumes to represent a party.

In *Payne* v. *Payne,* 97 Md. 681, the doctrine is also recognized, and authorities might be multiplied almost indefinitely to the same effect. The appellee has cited a number of cases in support of the contention that the perjury alleged amounted to a fraud, for relief from which the case should be re-opened and tried anew. Most of the cases cited are clearly distinguishable from this. For example, in the case of *Cox* v. *Bennett,* 123 Md. 356, the fraud relied upon was that in the application to take up certain bottoms under the then existing oyster law, they had been described as barren when they were not such in fact, and known to the petitioners not to have been such; but in that case there had been no trial had or judgment or decree entered. The proceeding was an initial proceeding to set aside the grant of the bottom in question, as a "barren bottom." In *Coan* v. *The Con. Gas Co.,* 126 Md. 506, there was a bill to set aside a deed, which it was alleged had been procured by misrepresentation. The misrepresentations alleged were held to present a case of fraud, if properly established by proof; but in this case also there had been nothing to prevent an adversary trial.

*Graver* v. *Faurot,* 76 Fed. 257, was cited as supporting the contention of the appellant, and quite a number of other cases to the same effect will be found collected in the notes already referred to in 25 Am. State Rep.; 54 Am. State Rep.; 10 L. R. A. (N. S.) and 16 L. R. A. (N. S.), but they are at variance with the great weight of opinion in this country, and the rule as laid down in this State.

Nor is the position of the complainant any better with regard to the alleged newly discovered evidence. His bill sets out with some particularity the nature of the evidence

which he expects to be able to introduce under this head, but that evidence consists in what would amount to a contradiction of the appellee's evidence given in the first appeal, and in deciding the case reported in 118 Md., JUDGE PATTISON, speaking for this Court, said: "As we have reached our conclusion almost exclusively upon the conceded testimony in the case," it was deemed unnecessary to pass upon certain exceptions to the evidence. Since, therefore, the original determination was arrived at, almost if not entirely, exclusive of, and apart from the alleged perjured testimony, it is impossible to see how additional evidence to sustain an allegation of perjury could produce any different result.

What has been said is not to be understood as implying any sanction or intimation upon the part of this Court that an allegation of newly discovered evidence would not under any circumstances afford sufficient ground for sustaining a bill of this character. It has been referred to merely to show that if all that is claimed for it, is conceded to be true, still there was no error in the ruling of the lower Court in sustaining the demurrer to the bill of complaint, and the bill should be and is hereby dismissed, with costs.

*Order affirmed, and bill dismissed with costs.*