## AETNA CASUALTY & SURETY CO. v. ABBOTT.

No. 4942.

Circuit Court of Appeals, Fourth Circuit.

Aug. 18, 1942.

Leonard J. Ganse, of Washington, D. C.
(William D. Macmillan, of Baltimore, Md.,
Carl F. Bauersfeld, of Washington, D. C.,
and Semmes, Bowen & Semmes, of Baltimore, Md., on the brief), for appellant.

George M. Brady, of Baltimore, Md.
(William C. Sullivan, of Washington, D.
C., and Thomas H. Hedrick, of Baltimore,
Md., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE,
Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a judgment for
plaintiff entered on the pleadings in a suit
to recover under a safe deposit liability
policy. Plaintiff had recovered judgment
in a Maryland state court against the
Takoma Park Bank for the sum of $50,-
500, with interest and costs, for loss of
$50,000 in gold certificates and $500 in
other funds from a safety deposit box
which he had rented from that bank. The
judgment was affirmed by the Court of Appeals of Maryland. Takoma Park Bank v.
Abbott, 179 Md. 249, 19 A.2d 169, certiorari
denied 314 U.S. 672, 62 S.Ct. 134, 86 L.Ed.
——. The complaint alleged the recovery
of the judgment, the insolvency of the
bank, the return unsatisfied of a fi. fa. issued to enforce the judgment, the issuance
by the defendant to the bank of a safe
deposit liability policy under which the

bank was liable to plaintiff for the judgment, and the defense by the defendant of
the action in which the judgment was obtained.

The defendant admitted the execution of
the safe deposit liability policy in the sum
of $50,000, the defense of the action against
the bank pursuant to the terms of the
policy, the recovery of the judgment, the
insolvency of the bank and the return of
the fi. fa. unsatisfied. It denied liability
on three grounds: (1) That the action
was prematurely brought because application to the United States Supreme Court
for writ of certiorari to review the Court
of Appeals of Maryland had not been denied at the time action was instituted;
(2) that the gold certificates included in
the loss for which judgment was obtained
against the bank were possessed by plaintiff contrary to the provisions of the Gold
Hoarding Act of March 9, 1933, 12 U.S.C.
A. § 95a, and Executive Order No. 6260, §
5, 12 U.S.C.A. § 95 note, dated August 28,
1933; and (3) that the judgment was obtained by fraud and as the result of conspiracy between plaintiff and certain witnesses who testified in his behalf. When
the trial judge indicated that he would
grant the motion for judgment on the
pleadings, defendant asked leave to file certain amendments to his answer, which was
denied; and, from judgment for the plaintiff, entered on the pleadings and the admissions made in open court, for the
amount of the policy with interest and
costs, the defendant has appealed.

The pertinent provision of the policy
sued on is as follows:

"E. No action shall lie against the
company unless, as a condition precedent
thereto, the insured shall have fully complied with all the conditions hereof, nor until the amounts of the insured's obligation
to pay shall have been finally determined
either by judgment against the insured
after actual trial or by written agreement
of the insured, the claimant, and the company, nor in either event unless suit is
instituted within two years and one day
after the date of such judgment or written
agreement.

"Any person or his legal representative
who has secured such judgment or written agreement shall thereafter be entitled
to recover under the terms of this policy
in the same manner and to the same extent
as the insured. Nothing contained in this

policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.

"Bankruptcy or insolvency of the insured shall not relieve the company of any of its obligations hereunder."

■ Appellant's first point, that the action was prematurely brought because the United States Supreme Court had not passed on the application for certiorari, is wholly without merit. A final judgment had been obtained in the state court and this was all that the policy required. Pendency of the application for certiorari would have been ground to stay proceedings in the lower court, not to dismiss the action. Cf. Fidelity & Deposit Co. of Maryland v. Davis, 4 Cir., 127 F.2d 780. Certiorari was denied by the Supreme Court before the case was heard in the court below; and there can be no question that it was then proper to proceed with the hearing. Cf. Ouerbacker v. Henderson County, 4 Cir., 126 F.2d 309.

■ The defense that the gold certificates were possessed by plaintiff in violation of law was asserted and fully passed on in the suit against the Takoma Park Bank, in which the judgment sued on was obtained, and which was admittedly defended by defendant under its policy. It is too well settled to admit of discussion that on such a question the defendant is concluded by the judgment. The defendant, by defending the action, bound itself by the judgment to the same extent as though a party to the record. E. I. Du Pont De Nemours & Co. v. Sylvania I. Corporation, 4 Cir., 122 F.2d 400, 404; Lovejoy v. Murray, 3 Wall. 1, 18 L.Ed. 129. And as said by this court in National Bondholders Corp. v. Seaboard Citizens Nat. Bank, 4 Cir., 110 F.2d 138, 143: "It is well settled that a fact or question which was actually and directly in issue in a former suit, and was there judicially determined by a court of competent jurisdiction, is conclusively settled by the judgment therein so far as concerns the parties to that action *and persons in privity with them,* and cannot be again litigated in any future action between the parties or *privies* in the same *or any other court* upon either the same *or a different cause of action.* [State of] Oklahoma v. [State of] Texas, 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831; Postal Telegraph Cable Co. v.

[City of] Newport, 247 U.S. 464, 38 S.Ct. 566, 62 L.Ed. 1215; Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 37 S. Ct. 506, 61 L.Ed. 1148; Richmond v. Davis, 135 Va. 319, 116 S.E. 492; Douglas Land Co. v. T. W. Thayer Co., 113 Va. 239, 74 S.E. 215; 34 Corpus Juris, 868." (Italics supplied.) See also City of Wheeling v. John F. Casey Co., 4 Cir. 89 F.2d 308; Parr v. State to Use of Cockey, 71 Md. 220, 17 A. 1020; Parsons v. Urie, 104 Md. 238, 64 A. 927, 8 L.R.A.,N.S., 559, 10 Ann. Cas. 278; Bernstein, Cohen & Co. v. Stansbury, 119 Md. 316, 86 A. 349.

■ It is said, however, that the defendant is not bound by the judgment obtained by plaintiff against the Takoma Park Bank, because the coverage of the policy here sued on was not involved in that action. The answer is that the facts upon which coverage depends were involved in that action, and the facts asserted here as a defense with respect to coverage were asserted there as a defense to a recovery against the bank. Even though there be a difference of issues, defendant is bound as to facts actually litigated and determined. National Bondholders Corp. v. Seaboard Citizens Nat. Bank, supra.

What was in issue in the state court is clearly set forth by the following quotation from the opinion of the Court of Appeals of Maryland [179 Md. 249, 19 A.2d 174]:

"The second plea was a special plea reciting that plaintiff had no interest, legal or equitable in the fifty $1,000 gold certificates of the United States of America because he held them in violation of Section 5(b) of the Act of Congress of October 6, 1917, as amended by Section 2 of the Act of Congress of March 9, 1933, * * * and the Executive Order No. 6260, § 5, * * * dated August 28, 1933, and is not legally entitled to maintain his action to recover damages, interest, and profits for the alleged loss thereof. To this second plea the plaintiff demurred and the demurrer was sustained.

"Was the court correct in sustaining this demurrer? Section 5 of the Executive Order No. 6260 above referred to provides that after thirty days from August 28, 1933, no person shall hold or retain any interest, legal or equitable, in any gold coin, gold bullion, or gold certificates situated in the United States and owned by any person subject to the jurisdiction of the

United States, except under license therefor issued pursuant to this Executive Order. The special plea did not state that the plaintiff did not have a license. 'To constitute a good plea in bar, the matter pleaded, must, if true, afford a full and complete answer to the action and show that there is no right of recovery.' Glenn v. Williams, 60 Md. 93; Carroll v. Bowen, 113 Md. 150, at page 154, 77 A. 128. Section 3 of the Act of March 9, 1933, supra, 12 U.S.C.A. § 248(m), also directs that the Secretary of the Treasury shall pay therefor an equivalent amount of any other form of coin or currency issued under the laws of the United States, and although the gold certificates in this case were held after thirty days from August 28, 1933, in order for confiscation to take place, it appears that intent to violate the act must be shown. United States v. 98 $20 United States Gold Coins et al., D.C. E. D.Pa., August 17, 1937, 20 F.Supp. 354. The case of Schmidt v. Twin City State Bank, April 6, 1940, 151 Kan. 667, 100 P. 2d 652, 653, is cited by the appellant, but in that case, at the conclusion of the plaintiff's case the defendant filed a motion to strike from the record all evidence concerning gold coins. Further, the special plea does not answer the whole declaration because there is no defense set up therein to the loss of $500 in currency. Mitchell v. Sellman, 5 Md. 376. Unless the plea expressly states that it is intended only as an answer to a part, it will be taken as extending to the whole, and will necessarily then be held bad on demurrer, unless it presents a good defense to the whole. Poe on Pleading, Tiffany Edition, Sec. 664. We must also note that as above stated, based on the ruling in the case of Security Storage & Trust Company v. Martin, supra [144 Md. 536, 125 A. 449], the relation of bailor and bailee existed and that a bailee cannot dispute the bailor's title. Van Zile, Bailments & Carriers, 2nd Ed., 1908 Sec. 20, p. 17, 18. We, therefore, concur with the trial court in sustaining this demurrer to the second plea. The demurrer to the second plea having been sustained, the defendant's C. prayer based on the second plea was properly rejected."

In the light of this passage of the opinion, it is little short of absurd to contend that the state court did not pass upon the very question here presented, viz., the right of plaintiff to recover for the loss of gold certificates alleged to have been possessed by him in violation of law. The fact that the question was passed upon by sustaining a demurrer to the special plea asserting the facts is immaterial. Spencer v. Watkins, 8 Cir., 169 F. 379, 385. The question was duly raised and duly passed on; and plaintiff so understood, for its application for certiorari was based entirely upon the court's holding with regard thereto. The decision was based upon the facts as disclosed by the pleadings, and not upon formal, technical or dilatory objections or contentions and was clearly a decision upon the merits of the very question here sought to be litigated. 34 C.J. 775, 776.

The defense of fraud in the obtaining of the judgment was not sufficiently pleaded. The allegation with regard thereto is as follows: "Defendant The Ætna Casualty and Surety Company denies that plaintiff LeRoy Abbott ever owned, possessed, held or kept fifty (50) $1,000 Gold Certificates of the United States of America in said safe deposit box, as is alleged and claimed by him, but that to the contrary the said claim of LeRoy Abbott for the alleged loss and disappearance thereof is fraudulent and without foundation in fact, and is a conspiracy between the said LeRoy Abbott and certain witnesses who testified in his behalf to defraud The Takoma Park Bank, Inc., a corporation, and defendant The Ætna Casualty and Surety Company, a corporation."

There is manifestly in this no statement of the circumstances constituting fraud as required by Rule 9(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. It is nothing more than a general charge of fraud and conspiracy between plaintiff and his witnesses, without specification of any circumstances constituting fraud, and without the averment of any fact showing or tending to show that there was extrinsic fraud in the procurement of the judgment which would justify the court in disregarding it. Even if the language be construed as charging that the judgment sued on was procured by means of perjured testimony, this would not be sufficient; for it is well settled that this constitutes no ground upon which the court could disregard the judgment or deny its enforcement in an independent proceeding. The frauds which justify such action in an independent proceeding between the same parties or their

privies are those which are extrinsic or collateral to the matter tried, and not frauds, such as perjured evidence, which were "actually presented and considered in the judgment assailed". United States v. Throckmorton, 98 U.S. 61, 66, 25 L.Ed. 93; Hilton v. Guyot, 159 U.S. 113, 207, 16 S.Ct. 139, 40 L.Ed. 95; Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719; T. J. Moss Tie Co. v. Wabash Ry. Co., 7 Cir., 71 F.2d 107; Wilmer v. Placide, 127 Md. 339, 96 A. 621; Maryland Steel Co. v. Marney, 91 Md. 360, 46 A. 1077; Pico v. Cohn, 91 Cal. 129, 25 P. 970, 27 P. 537, 13 L.R.A. 336, 25 Am.St.Rep. 159; Freeman on Judgments, 5th Ed. p. 662-664; 31 Am.Jur. pp. 230, 232; notes 88 A.L.R. 1201, 16 A.L.R. 397, and 25 Am.St.Rep. 165.

■ The question as to whether defendant should have been allowed to amend its answer was one resting in the sound discretion of the trial judge; and his action thereon, in the absence of abuse, was not reviewable on appeal. Rule 15(a) of Federal Rules of Civil Procedure, 28 U.S.C. A. following section 723c; 28 U.S.C.A. § 777; Gormley v. Bunyan, 138 U.S. 623, 11 S.Ct. 453, 34 L.Ed. 1086; Berliner Gramophone Co. v. Seaman, 4 Cir., 113 F. 750. Not only was there no abuse of the discretion, but we do not see how a different ruling could reasonably have been made. The proposed amendment would have set forth nothing upon which the judgment sued on could have been disregarded or its enforcement denied by the court. The only matters proposed to be added to the original answer were: (1) That defendant had learned that the person from whom plaintiff obtained the gold certificates was non compos mentis at the time he obtained them, (2) that one of counsel for plaintiff offered to compromise the case against the Takoma Park Bank with defendant's counsel for $1,600 in advance of the trial in the state court and stated that he had learned facts which impelled him not to try the case; and (3) that defendant was denied due process of law in violation of the 14th Amendment and was denied the right to cross examine plaintiff and his witnesses in the state court action. What is meant by the last ground, we are at a loss to understand, as the record in the state court shows that plaintiff and his witnesses were cross examined. Reference is probably had to exclusion of certain questions on cross examination; but this was a matter

for the state court on appeal and could not possibly furnish a basis for attack upon the judgment in an independent proceeding. It is clear that, as to all the matters proposed to be set forth, the amendment was properly denied.

For the reasons stated, the judgment appealed from will be affirmed.

Affirmed.