**SMITH v. SCHLEIN et al.**

No. 8642.

United States Court of Appeals
District of Columbia.

Argued May 12, 1944.

Decided June 30, 1944.

Mr. Maurice Friedman, of Washington, D.C., for appellant.

Mr. Herman Miller, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

The statement of facts in the complaint, which for the purpose of this appeal must be taken as true, is substantially as follows: Defendants loaned plaintiff $400. As a cloak to hide usurious interest they took a note from plaintiff in the sum of $750, with interest at six per cent, secured by a trust deed on plaintiff's real property in Maryland. After the plaintiff had repaid $150 the defendants began foreclosure proceedings in Maryland. In order to obtain title to plaintiff's property defendants fraudulently represented to her that if she would not oppose foreclosure proceedings they would re-convey the property on receipt of a further payment of $100. As a result of this fraudulent representation defendants have acquired the land involved in this suit. They now refuse to re-convey to the plaintiff except on repayment of the full amount of the usurious note with interest and expenses of foreclosure.

The prayer of the complaint asks (1) for an accounting of the moneys paid by plaintiff and received from the property; (2) that plaintiff be allowed to redeem the property from the lien and operation of the deed of trust; (3) that the plaintiff be awarded a judgment for damages; (4) that trustees be appointed by the court to execute deeds re-conveying the property to the plaintiff; and (5) for other equitable relief. The trial court dismissed the complaint on the ground that the relief sought could not be granted without disregarding the decree of foreclosure entered by the court in Maryland.

As to the relief requested in the prayer aside from the accounting and money damages the ruling of the court is correct. A right to redeem the property foreclosed in Maryland or to set aside or

modify the decree can only be granted by the Maryland court. Trustees appointed by the court in the District of Columbia cannot convey any title or interest of the defendants. However, errors in the prayer of the complaint do not affect the cause of action disclosed by the facts alleged. It is the duty of the court to give any relief those facts will support.

The cause of action here is based on fraudulent representations, reliance on which caused the loss of plaintiff's property. Prior to her default induced by defendants' alleged fraud plaintiff had title to the property and also a defense to an action of foreclosure based on the usurious note. As a result of the fraud plaintiff has lost her property. The District Court had jurisdiction over the parties and could order the defendants to restore the property taken by fraud. The fact that it was real property in a foreign jurisdiction did not affect the court's power to enter a decree in personam ordering reconveyance. This principle is admirably explained by Judge Learned Hand in the leading case of Irving Trust Co. v. Maryland Casualty Co.,[1] and needs no further elaboration here.

The fact that defendants acquired title to the property in this case by fraudulently obtaining a decree is of no significance because the fraud is clearly extrinsic to the judicial proceedings.[2] It would be an absurd result if a remedy were given where a plaintiff was fraudulently induced to sign a deed for land in a foreign jurisdiction and relief denied where the same wrong was accomplished by inducing plaintiff to default in a foreign judicial proceeding. The law draws no such distinction.[3]

Reversed and remanded.

[1] 2 Cir., 1936, 83 F.2d 168.

[2] Wilmer v. Placide, 1915, 127 Md. 339, 96 A. 621, sets forth the judgment-state's test of extrinsic fraud, which we apply here in compliance with R.S. § 905, 28 U.S.C.A. § 687.

[3] Hewitt v. Hewitt, 9 Cir., 1927, 17 F.2d 716; Marshall v. Holmes, 1891, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870.