837 A.2d 1053

Rita HOLDEN, et al.

v.

Wayne BLEVINS, Personal Representative of the
Estate of William Kyle Blevins, et al.

No. 1589, Sept. Term, 2002.

Court of Special Appeals of Maryland.

Dec. 10, 2003.

R. Martin Palmer, Jr., Hagerstown, for Appellant.

Jerome J. Joyce, Hagerstown, for Appellee.

Argued Before MURPHY, C.J., and DEBORAH S. EYLER and ROBERT L. KARWACKI (Retired, specially assigned), JJ.

MURPHY, Chief Judge.

The parties to this appeal from the Circuit Court for Washington County are the brothers and sisters of William Kyle Blevins, who died on April 18, 2001.[1] A jury (Hon. W. Kennedy Boone, III, presiding) was asked to answer three questions that had been certified by the Orphans' Court after appellants argued that the decedent's March 27, 2001 will should not be admitted to probate. As a result of the jury's answers, Judge Boone entered a judgment in favor of Lee Blevins, appellee, who had argued that the March 27, 2001 will was valid. Appellants present two questions for our review,[2] which we rephrase into a single question:

**Did the trial court err in denying appellants' motion for a new trial?**

1. The appellants are Archie Blevins, Wayne Blevins, Rita Holden and Clara Stouffer.

2. Appellants' first "question" is: Is the appellee willing to produce authenticating documentation, sufficient to prove to this Court that he is in fact the recipient of the high military honors claimed [at trial]: Bronze Star, Silver Star, two Purple Hearts, upon proof of which, appellants will be happy to dismiss the appeal, in the absence of which, appellants present only one narrowly delineated and circumscribed

For the reasons that follow, we shall remand this case so that Judge Boone can reconsider his denial of appellants' motion for new trial.

### Background

William Kyle Blevins died on April 18, 2001, leaving what appeared to be a validly executed will.[3] The will, signed March 27, 2001, was a "fill-in-the-blank" document that (1) identified William's five siblings (Archie, Clara, Rita, Wayne, and Lee), (2) expressly disinherited Archie, (3) left $2,500 each to Clara, Rita, and Wayne, and (4) left the residuary estate to Lee.

When appellants argued to the Orphans' Court that the March 27, 2001 will should not be admitted to probate, that court certified the following questions to the circuit court: (1) Was William Kyle Blevins competent to make a will on March 27, 2001?; (2) If William Kyle Blevins was competent to make a will on March 27, 2001, was he subjected to undue influence in making that will?; and (3) Is the document dated March 27, 2001, the Last Will and Testament of William Kyle Blevins? After a two day trial in July of 2002, the jury answered "Yes" to question one, "No" to question two, and "Yes" to question three.

During the course of the trial, appellee testified that he had served in the U.S. Army for three years and had been

question for appellate review? Appellant's "second" question is: Does perjury of Appellee, under the unique circumstances of this case, entitle Appellants to a new trial?

All briefs should include "[a] statement of the questions presented, separately numbered, *indicating the legal propositions involved* and the questions of fact at issue . . ." Md. Rule 8–504(a)(3)(emphasis added). Appellants' first question contains no legal propositions whatsoever.

3. For a will to be valid in Maryland it "shall be (1) in writing, (2) signed by the testator, or by some other person for him, in his presence and by his express direction, and (3) attested and signed by two or more credible witnesses in the presence of the testator." Md.Code Ann. Est & Trusts § 4–102 (2001 & Supp.2003). The instrument at issue in this case met those requirements.

awarded two Purple Hearts, a Bronze Star, and a Silver Star. Appellants moved for a new trial and that motion was denied. This appeal followed, in which appellants assert that (1) because they have no knowledge that appellee ever received any of the military decorations he told the jury that he had received, he must have lied about receiving them, and (2) because the jury must have assigned significant weight to that portion of appellee's testimony, the verdict should not be permitted to stand.

During oral argument, which was held on September 12, 2003,[4] we directed appellee's counsel to *Attorney Grievance Commission of Maryland v. Sperling,* 296 Md. 558, 463 A.2d 868 (1983), in which the Court of Appeals held that, when a party to a civil proceeding testifies falsely, that party's attorney is under an obligation to "call upon [the] client to rectify the same, and if [the] client refuses or is unable to do so, [the lawyer] shall reveal the fraud to . . . the tribunal." *Id.* at 563, 463 A.2d 868 (quoting Disciplinary Rule 7–102(B)(1) of the Code of Professional Responsibility, which was in effect when the *Sperling* opinion was filed). Shortly after argument, this Court received a "Correction of Record" that was accompanied by an affidavit in which appellee stated:

I, Lee Steward Blevins, with regard to the matter of *Rita Holden et al v. Estate of William Kyle Blevins,* Case # 21–C–01–12567, a matter tried before a jury on July 15, 2002, the Honorable Kennedy Boone presiding, in an effort to correct the inaccuracy of some testimony I had given while testifying during that proceeding, do hereby advise the Circuit Court of Washington County of the following:

The awards and commendations that I received while serving in the United States Army are truthfully reflected in the attached three page copy of National Personnel Records Center document dated November 20, 2002.[5] It does not

---

4. Appellants "submitted on brief."

5. The awards included in this document were: Good Conduct Medal; National Defense Service Medal; Armed Forces Expeditionary Medal;

include the award or receipt of those commendations that I had falsely claimed to have received.

We commend appellee's counsel for providing that disclosure, which constitutes "newly discovered evidence" that requires a remand for further proceedings.

## Discussion

### I

The current Maryland Rules of Professional Conduct took effect on January 1, 1987. A lawyer's duty of "[c]andor toward the tribunal" is governed by Rule 3.3 which, in pertinent part, provides:

(a)(4) ... If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

We hold that the issue of whether the false evidence is "material" must be decided by the trial judge rather than by the lawyer who obviously *thought* that this evidence was material, i.e. important to the client's case,[6] at the point when the lawyer offered it. This holding is consistent with the COMMENT to Rule 3.3, which states that, when "perjured testimony or false evidence has been offered," and that fact has been disclosed to the court (by the client or by the client's lawyer), "[i]t is for the court then to determine what should be done—making a statement about the matter to the trier of fact, ordering a mistrial or perhaps nothing."

---

Vietnam Service Medal; Republic of Vietnam Campaign Ribbon w/Device (1960); Sharpshooter Badge with Rifle Bar.

**6.** After complying with his or her disclosure obligation, the lawyer can argue that the court should find that the adverse party is not entitled to any relief on the ground that the false evidence is "comparatively unimportant, or cumulative, or inferior [or unnecessarily redundant]" evidence as those terms have been used by the Court of Appeals in the "missing witness" (instruction and argument) context. *See, e.g., Robinson v. State,* 315 Md. 309, 321, 554 A.2d 395 (1989) and *Bruce v. State,* 318 Md. 706, 731, 569 A.2d 1254 (1990). The lawyer cannot, however, circumvent his or her duty under RPC 3.3 by deciding for himself or herself that the false evidence is "immaterial."

■ Rule 3.3(b), in pertinent part, provides that "[t]he duties stated in paragraph (a)[ (4) ] continue to the conclusion of the proceeding." We also hold that, for purposes of this rule, a "proceeding" has not concluded until the appeal rights of every party to that proceeding "have been exhausted, including the right to petition . . . for *certiorari.*" *Cf. Long v. State,* 16 Md.App. 371, 374 n. 4, 297 A.2d 299 (1972).

Maryland Rule 8–604(d) provides that if an appellate court concludes that "the substantial merits of a case will not be determined by affirming, reversing or modifying the judgment, *or that justice will be served by permitting further proceedings,* the Court may remand the case to a lower court." (Emphasis added). We are persuaded that "justice will be served" by remanding this matter to the circuit court so that Judge Boone can decide appellants' motion for new trial on a complete factual predicate.

## II

■ In the case at bar, the jury heard from numerous witnesses. The witnesses who signed as witnesses to the contested will were longtime neighbors of the decedent, and they testified that the decedent had testamentary capacity.[7] Witnesses who observed the decedent in a hospice where he received care testified that appellee was the decedent's primary care provider during the last days of the decedent's life. The jurors also received evidence that appellants' trial testimony contradicted their interrogatory answers.

A physician testified that the amount and type of medication that the decedent was taking could have rendered him incapable of forming testamentary capacity. An attorney testified that he met with the decedent about one week after the will was signed and that, at that time, the decedent did not have testamentary capacity. Appellants also introduced evidence that appellee had been incarcerated as a result of his plea of

---

7. The two witnesses were Wayne Weber and Wayne Orr. Mr. Weber testified at trial. Mr. Orr died before the trial, but his deposition was read at trial.

guilty to a drug offense. Under the circumstances, we cannot conclude as a matter of law that appellee's false testimony swayed the jury in his favor.

 It is well settled that the trier of fact may believe or disbelieve, credit or disregard, any evidence introduced, and a reviewing court may not decide on appeal how much weight should have been given to each item of evidence. *Great Coastal Express, Inc. v. Schruefer,* 34 Md.App. 706, 369 A.2d 118 (1977).[8] It is also well settled that "a trial judge has virtually no 'discretion' to refuse to consider newly discovered evidence that bears directly on the question of whether a new trial should be granted." *Buck v. Cam's Broadloom Rugs, Inc.,* 328 Md. 51, 58, 612 A.2d 1294 (1992). It is for the trial court to make this determination because of the "unique opportunity the trial judge has to closely observe the entire trial, complete with nuances, inflections, and impressions never to be gained from a cold record." *Buck,* 328 Md. at 59, 612 A.2d 1294. We shall therefore remand this case so that Judge Boone can reconsider appellants' motion for a new trial in light of the post-judgment information that has been brought to the attention of this Court.[9]

---

8. Judge Boone instructed the jury that "[y]ou need not believe any witness, even though the testimony is uncontradicted. You may believe all, part, or none of the testimony of any witness." His credibility instruction also told the jurors to ask themselves "[d]oes the witness have a motive not to tell the truth?" and "[d]oes the witness have an interest in the outcome of the case?"

9. At the time Judge Boone denied the motion for new trial, he did not abuse his discretion because appellee's "inaccuracy" disclosure had not been made at that point in time. Ordinarily, a trial court's denial of a motion for a new trial is reviewed only for an "abuse of discretion." *Mason v. Lynch,* 151 Md.App. 17, 28, 822 A.2d 1281 (2003). In *Thodos v. Bland,* 75 Md.App. 700, 542 A.2d 1307 (1988), this Court explained that when the results cannot be characterized as "clearly unjust, we will not find an abuse of discretion whichever way the trial court may choose to exercise discretion." *Id.* at 712, 542 A.2d 1307. An appellate court should not interfere with the trial court's discretion unless (1) the trial court has not fairly exercised its discretion, or (2) the most "extraordinary or compelling circumstances." *Id.* at 706–07, 542 A.2d 1307. The post-judgment disclosure in the case at bar constitutes an extraordinary circumstance.

## III

■ A party is entitled to a new trial on the basis of newly discovered evidence when the court is persuaded that (1) the evidence has been discovered since the trial, i.e., the evidence is "newly discovered;" (2) the moving party was diligent in attempting to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is "material" to the issues involved; and (5) the evidence is of such a nature that a different outcome would probably result if it was considered. *Angell v. Just*, 22 Md.App. 43, 54, 321 A.2d 830 (1974); *See also Market Tavern, Inc. v. Bowen*, 92 Md.App. 622, 649–50, 610 A.2d 295 (1992); *Great Southwest Fire Ins. Co. v. S.M.A.*, 59 Md.App. 136, 147–48, 474 A.2d 950 (1984); Albert D. Brault & John A. Lynch, Jr., *The Motion for New Trial and its Constitutional Tension*, 28 U. Balt. L.Rev. 1, 27–38 (1998).

■ Newly discovered evidence of perjured testimony does not *necessarily* require a new trial. *Wilmer v. Placide*, 127 Md. 339, 96 A. 621 (1915). In *Wilmer*, the Court of Appeals held that perjured testimony did not require a new trial when the verdict had been "arrived at . . . apart from the alleged perjured testimony" and the evidence of perjury would not "produce any different result." *Id.* at 343, 96 A. 621. In *Stevenson v. State*, 299 Md. 297, 473 A.2d 450 (1984), the Court of Appeals rejected the contention that a murder defendant was entitled to a new trial based upon newly discovered evidence,[10] even though the State's rebuttal witnesses included an expert who "had perjured himself with respect to his academic credentials." *Id.* at 299, 473 A.2d 450. According to the *Stevenson* Court:

[W]hen the trial court found that the evidence of guilt was so overwhelming that the verdict would have been the same

---

**10.** When a criminal defendant seeks a new trial on the basis of newly discovered evidence, the court applies the very same test that is applied in civil cases. *See Jones v. State*, 16 Md.App. 472, 477, 298 A.2d 483 (1973) and *Great Southwest Fire Ins. Co. v. S.M.A., supra*, 59 Md.App. at 147–48, 474 A.2d 950.

without [the witness'] testimony, the fact of the alleged false testimony relating to [the witness'] academic credentials was not material to the outcome of the case. From our review of the record we cannot say the trial judge was in error, and thus there was no abuse of discretion.

*Id.* at 304, 473 A.2d 450.

On the other hand, a new trial should be granted when the trial judge is persuaded that the newly discovered evidence of perjury would, "if considered and believed, probably produce a result different from that reached at the original trial." *Angell, supra,* 22 Md.App. at 53, 321 A.2d 830. It is for Judge Boone to determine in the first instance whether appellee's false testimony was so important as "to make it probable that a different result would [have been] reached" if the false testimony had not been presented. That determination requires an evidentiary hearing. After Judge Boone has reconsidered and ruled on appellants' motion for new trial, any appeal noted by the party or parties aggrieved by that ruling will be limited to the issue of whether Judge Boone erred or abused his discretion in ruling on the motion for new trial.

**CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; APPELLANTS TO PAY 50% OF THE COSTS; 50% OF THE COSTS TO BE PAID BY APPELLEE.**