822 A.2d 1281

**Cathy MASON**

v.

**Chauncey R. LYNCH.**

**No. 849, Sept. Term, 2002.**

Court of Special Appeals of Maryland.

May 6, 2003.

18

David M. Kopstein (Bryan Perilman and Dross, Levenstein, Perilman & Kopstein on the brief), Seabrook, for appellant.

Thomas R. Mooers (Brian C. Malone and Mooers & Associates on the brief), Washington, DC, for appellee.

Argued before SALMON, JAMES R. EYLER, and KRAUSER, JJ.

JAMES R. EYLER, Judge.

This case, arising out of an automobile accident, was tried before a jury, resulting in a verdict for the plaintiff on liability and a finding of $0.00 damages. After judgment was entered and became final, the plaintiff noted this appeal and presents the following questions: (1) did the court err in permitting the defendant to introduce "photographs showing minimal property damage and argue that the photographs support an inference that the plaintiff was not injured, absent expert testimony establishing a correlation between property damage and personal injury," and (2) did the court err in denying plaintiff's motion for new trial "where the jury awards the plaintiff no damages despite the testimony of all expert witnesses that the plaintiff suffered at least some injury and required at least some medical treatment as a result of the subject occurrence." We shall answer both in the negative.

## Factual Background

On June 23, 1998, Cathy Mason, appellant, was stopped for traffic when a vehicle operated by Chauncey R. Lynch, appellee, collided with the rear of a vehicle that was stopped behind appellant's vehicle, forcing that vehicle to collide with the rear

of appellant's vehicle. Appellant filed suit against appellee in the Circuit Court for Prince George's County, seeking compensation for personal injuries allegedly sustained as a result of the collision.

Prior to trial, appellant filed a motion *in limine*, seeking to exclude from evidence photographs of appellant's vehicle showing minimal damage, and to prevent appellee from arguing that there was any correlation between the extent of damage to the vehicle and the extent of injury sustained by appellant. The court denied the motion.[1]

At trial, appellant testified, and also called Gregory Mason, appellant's brother and a passenger in appellant's vehicle; Warren Goldman, the driver of the vehicle struck by appellee and forced into appellant's vehicle; and Katrina Sutton, a friend of appellant, who testified to appellant's physical condition before and after the accident. Appellant also introduced into evidence a portion of appellee's deposition testimony. Pursuant to stipulation, appellant placed into evidence medical reports and medical bills relating to her treatment following the accident. The evidence introduced by appellant indicated that appellant sustained a closed head injury, cervical strain, and a temporomandibular disorder, producing pain and headaches. Appellant claimed medical expenses in the amount of $13,846.60 and lost wages in the amount of $373.97.

Appellee testified on behalf of himself and, pursuant to stipulation, placed into evidence a medical report prepared by a physician who examined appellant at appellee's request. The report from this physician indicated that appellant sustained a minor soft tissue strain of her neck and that the fair and reasonable treatment for that injury consisted of a hospital visit, two visits to her primary care physician, and physical therapy treatments through August 1998. Based on the list of medical expenses introduced by appellant, we have computed the total cost for that medical care at $1,928.60.

---

1. The parties stipulated to a continuing objection; the issues are properly before us.

There was virtually no disagreement with respect to the facts relating to the happening of the accident. Liability was not admitted, but appellee had little to offer other than requiring appellant to prove her case. Appellee concentrated his efforts on the issue of damages. In closing argument, appellee's counsel commented on (1) the photographs showing minimal damage to appellant's vehicle, (2) appellant's testimony that she did not hit her body on the vehicle at impact and did not claim any injury at the scene, and (3) the timing of medical treatment and lawyer referral to health care providers.

The jury returned a verdict for appellant with respect to liability but assessed damages at $0.00.

Appellant filed a motion for new trial, arguing that a new trial was warranted because (1) the jury's verdict was contrary to the undisputed evidence, and (2) the jury was improperly allowed to speculate that a correlation exists between property damage and personal injury. The court denied the motion, and the present appeal ensued.

### Discussion

Appellant contends that the court erred in two respects. First, the court erred in permitting appellee to introduce the photographs of appellant's vehicle and to argue a correlation between the extent of damage to the vehicle and appellant's injuries. Appellant argues that such evidence and argument was improper because, in the absence of expert testimony showing a correlation, it was irrelevant and permitted the jury to speculate. Second, the court erred in denying appellant's motion for new trial on the issue of damages because the jury's verdict was contrary to the evidence, indicating that at least some injury had occurred.

Turning to the first issue, appellant urges us to follow a bright-line approach recently adopted by Delaware's highest court. In *Davis v. Maute*, 770 A.2d 36 (Del.2001), the Supreme Court of Delaware held that: (1) "[a]s a general rule, a party in a personal injury case may not directly argue that the

seriousness of personal injuries from a car accident correlates to the extent of the damage to the cars, unless the party can produce competent expert testimony on the issue," *id.* at 40, (2) "[c]ounsel may not argue by implication what counsel may not argue directly," *i.e.*, may not characterize the accident as a fender-bender or otherwise downplay the seriousness of the accident, *id.* at 40–41, and (3) the court erred in admitting the photographs of plaintiff's car without a specific instruction limiting the jury's use of the photographs. *Id.* at 38. For the following reasons, we decline to adopt and apply *Davis* to the facts of this case.

First, despite many similarities, there exists one important distinction between *Davis* and this case. Unlike the present case, the defendant in *Davis* conceded liability, and only the damage issue was submitted to the jury. *Id.* The issues determine the scope of relevance for purposes of determining the admissibility of evidence.

In *Davis,* the court recognized that the trial court's admissibility determination required weighing the probative value of evidence against the danger of unfair prejudice. *Id.* at 41. The evidentiary rule in *Davis* contained the same language as Maryland's version of the rule. *Id.; compare* D.R.E. 403 *with* Maryland Rule 5–403. The court began by stating that, even when the sole issue at trial is damages, photographs of the plaintiff's car are not per se inadmissible because they "could conceivably serve some valid purpose other than supporting the minimal damage/minimal injury inference." *Id.* When applying the rule to the facts of the case, the court concluded that, in a trial where the parties agreed on the nature and the location of the damage to plaintiff's car and the sole issue for the jury was damages, "we can discern no relevancy to the photographs other than to suggest that [plaintiff] could not have sustained serious injuries from an apparently minor accident, and this inference is impermissible." *Id.* at 42. Accordingly, the *Davis* court explained that "the court should have immediately instructed the jury that there is no evidence of a correlation between the damage shown in the photographs

and the severity of [plaintiff's] personal injuries," and held that its failure to do so constituted reversible error. *Id.*

This was not the situation in the present case in that appellee did not admit liability and, therefore, forced appellant to carry the burden of proof on liability as well as damages. Despite appellant's assertion that the photographs were not relevant, the crux of her argument is that the photographs, coupled with defense counsel's argument regarding the correlation between minimal property damage and minimal injury, invited the jury to engage in unsupported speculation. In reviewing the trial court's admission of the photographs, we rely on the established principle that admission of such evidence is within the sound discretion of the trial court and will not be disturbed in the absence of a showing of abuse of discretion. *See Rose v. State Clifton T. Perkins Hosp.,* 26 Md.App. 358, 366, 338 A.2d 311 (1975); *Morris v. Calvin Coolidge Peace,* 14 Md.App. 681, 688, 288 A.2d 600 (1972). We can not say that the trial court abused its discretion in determining that the photographs were relevant and that their probative value was not substantially outweighed by the danger of unfair prejudice.

Our review of other cases discussing the admissibility of photographs under similar factual scenarios suggests that while other courts employ an approach like the one in *Davis, i.e.,* using the rule regarding relevancy that balances probative value and unfair prejudice, generally they are not as quick as the *Davis* court to disregard the trial court's determination. In *Davis,* although the court expressly stated that such photographs are not per se inadmissible, even when the sole issue at trial is damages, it went on to conclude that it could find no possible relevancy where the parties had agreed on the nature and location of damages to the car. *Davis,* 770 A.2d at 41–42. Other courts have been more willing to accept the trial court's discretionary determination that the photographs were relevant to the question of damages. *See Gambrell v. Zengel,* 110 N.J.Super. 377, 265 A.2d 823, 824–25 (1970) ("The possibility of some inflammatory effect on the jury as compared with the relevancy of the evidence and its generally accepted admissi-

bility is best left to the discretion of the trial court. We find no abuse of discretion."); *Murray v. Mossman*, 52 Wash.2d 885, 329 P.2d 1089, 1091 (1958) ("A trial court's ruling that testimony received is relevant to the question of damages is not to be overridden unless an abuse of discretion is shown."). As previously stated, we conclude that the trial court did not abuse its discretion in admitting the photographs.

■ Next, we turn to appellant's argument that the trial court erred in allowing defense counsel to comment on the damage to the vehicle as part of its argument relating to appellant's claimed injuries. Specifically, appellant challenges the following portions of defense counsel's closing argument:

My client hits Mr. Goldman's vehicle. Apparently Mr. Goldman's vehicle then hits Miss Mason's vehicle. There is very little damage. You will have the photographs of Miss Mason's vehicle back there. And I am going to ask that you look at that vehicle and ask you if that's consistent with $13,008 in medical expenses. Again, use your common sense, draw on your every day experiences.

. . . .

I am going to ask you to go back there, use your common sense, draw on your every day experiences, look at the photographs of the vehicle, and ask yourself does it make sense, $13,000 in medical expenses? I submit to you, no. A couple of thousand dollars in medical expenses is more reasonable and consistent with that.

Appellant argues that these statements by defense counsel were improper because there was no expert testimony establishing any correlation between the damage to appellant's vehicle and the likelihood that she suffered the alleged injuries.[2] Appellant relies for support on the *Davis* opinion,

2. Actually, there was evidence from an expert relating to the question of whether such a correlation exists. Appellant admitted into evidence a report written by a medical expert which contained the opinion that there is no correlation between the damage to a vehicle and the nature and extent of injury sustained by an occupant of that vehicle. As is the

where the Delaware court held that, "[a]s a general rule, a party in a personal injury case may not directly argue that the seriousness of personal injuries from a car accident correlates to the extent of the damage to the cars, unless the party can produce competent expert testimony on the issue." *Davis*, 770 A.2d at 40.[3] The *Davis* court further stated that "[c]ounsel may not argue by implication what counsel may not argue directly," explaining that defense counsel's characterization of the accident as a fender-bender was improper, and that "[b]y downplaying the seriousness of the accident, [defendant's] counsel unmistakably suggested—without support in expert testimony—that the accident could not have caused serious personal injury to [plaintiff]." *Id.* at 40–41.

Again, we disagree with appellant's application of *Davis* to the present case, and instead rely on established principles for reviewing closing argument. In *Farley v. Allstate Insurance Co.*, 355 Md. 34, 733 A.2d 1014 (1999), the Court of Appeals rejected the plaintiff's claim that closing arguments made by defense counsel were improper and prejudicial, resulting in an inadequate damage award, and focused on the critical fact that closing arguments are argument, not evidence. *Id.* at 56, 733 A.2d 1014.[4] As such, the Court explained that "it was perfectly appropriate in closing arguments for [defense] counsel to

case with evidence generally, the jury was free to believe or disbelieve all or part of the contents of the report.

3. In *Davis*, the court granted plaintiff's motion *in limine* restricting references by defense counsel to the severity of the damage to plaintiff's vehicle. On appeal, the court had to determine whether the trial court abused its discretion in failing to grant a requested remedy where defense counsel violated the pre-trial ruling. The court held that "the court's failure to provide a cautionary instruction after defense counsel's repeated characterization of the accident as a 'fender bender' constituted an abuse of discretion." *Id.* at 41.

4. The Court pointed out that when the trial judge instructed the jury before it began deliberations, he stated: "Opening statement and closing argument [are] not evidence. Any suggestions ... by counsel in final argument are simply that. They are argument. They are not evidence in the case. You may take them if you want to [or] not, if you choose, but they're not evidence." *Farley*, 355 Md. at 56, 733 A.2d 1014.

cast doubt upon the reasonableness and necessity of [plaintiff's] medical bills, treatment, and lost wages." *Id.* Finally, the Court reasoned that defense counsel's "closing argument was intended to persuade the jury to accord the expert testimony as little weight as possible, which is the essence of trial counsel's role in our adversary system," and that defense counsel's "comments as to the appropriateness of [plaintiff's] medical bills, treatment, and lost wages were made in the spirit of zealous advocacy for its client." *Id.* at 58, 733 A.2d 1014. Ultimately, the Court concluded that defense counsel's closing argument was not prejudicial or improper and that the trial court did not err by permitting the statements objected to by the plaintiff on appeal. *Id.*

█ Like the Court in *Farley*, we will review defense counsel's statements pertaining to the photographs to determine whether they were unduly prejudicial or improper, rather than whether they meet some standard for admissibility as evidence. In *Farley*, the statements complained of were:

We admit that this gentleman has incurred these medical bills and that [they were] incurred in a quick nine-month period and to then come in here, though, and embellish upon that which is plainfully [sic] before this jury by several hundred thousand dollars. That, to me, is abuse of the system. It's an abuse of common sense....

I have to say that the medicals are a little overreaching and I don't know that all $ 12,000 worth of medical bills are fair and reasonable, but they certainly were incurred a long time before I came along ... and there's nothing I can do now that they [are] incurred. They're there. You know, there's $ 12,000. Is there any past lost wages? He was injured on the job. Did he miss two weeks of work? Yes. I don't know what you get for two weeks of work with the postal service, but I don't think it's the $ 7,000 or $ 8,000 [he's] asking for. I think he's overreached there....

*Id.* at 55–56, 733 A.2d 1014.

Despite appellant's argument that defense counsel argued facts not in evidence, the Court concluded that defense counsel's statements were

based on facts in evidence, ... [such as]: (1) Mr. Farley was in a large tractor-trailer truck and was sideswiped by a much smaller van; (2) Mr. Farley never requested an ambulance at the scene; (3) Mr. Farley only missed two weeks of work and has not missed a single day of work in the nearly four years after the accident, yet he had nine months of medical treatment with physical therapists, a rheumatologist, and an orthopedic surgeon; and (4) Mr. Farley had been in both a previous and subsequent automobile accident where it is entirely possible that injuries to the same areas at issue in the instant case were sustained.

*Id.* at 56–57, 733 A.2d 1014.

The same observation can be made here. Like the defense counsel in *Farley,* appellee's counsel attempted to cast doubt on the reasonableness and necessity of appellant's medical costs by persuading the jury to disbelieve appellant and appellant's lay and expert witnesses regarding the seriousness of her injuries. Also like the defense counsel in *Farley,* appellee's counsel attempted to cast doubt in many ways, including commenting on the photographs showing minimal damage to the vehicle, appellant's testimony that she did not hit her body on the vehicle at impact or claim any injury at the scene, and the timing of medical treatment and lawyer referral to health care providers. Appellee's counsel's comments regarding the photographs, which were admitted into evidence while appellant was on the stand, were general in nature, and counsel did not attempt to make specific arguments that would call into play scientific principles that might require expert testimony. In addition, like the *Farley* case, the trial court instructed the jury to give whatever weight it thought was warranted to counsels' arguments, explaining that their opening statements and closing arguments were not evidence in the case. Accordingly, we hold that the circuit court did not err.

Turning to the second issue, we must consider whether the court abused its discretion in denying appellant's motion for new trial on the ground that the jury's verdict was

contrary to the evidence. Appellant argues that because all of the experts, including the defense expert, agreed in their reports that appellant had sustained some injury in the accident and that at least some of her medical treatment had been necessitated by the accident, there was no basis upon which the jury could have found that appellant had sustained no damages whatsoever. Appellee, on the other hand, argued that the jury was free to accept or reject all or any part of any witness's testimony or opinion of the experts, and that the jury's verdict may have reflected the jury's conclusion that appellant's alleged injuries were not causally related to the accident.

It is our job to review a trial court's denial of a motion for new trial using an abuse of discretion standard. *Butkiewicz v. State*, 127 Md.App. 412, 421, 732 A.2d 994 (1999) (citing *Aron v. Brock*, 118 Md.App. 475, 511, 703 A.2d 208, *cert. denied*, 346 Md. 629, 697 A.2d 913 (1997); *Buck v. Cam's Broadloom Rugs, Inc.*, 328 Md. 51; 57, 612 A.2d 1294 (1992); *Mack v. State*, 300 Md. 583, 600, 479 A.2d 1344 (1984)). In *Buck*, the Court of Appeals explained that, in these situations, "the emphasis has consistently been upon granting the broadest range of discretion to trial judges whenever the decision has necessarily depended upon the judge's evaluation of the character of the testimony and of the trial when the judge is considering the core question of whether justice has been done." 328 Md. at 57, 612 A.2d 1294. It further clarified that:

> [T]he breadth of a trial judge's discretion to grant or deny a new trial is not fixed or immutable; rather, it will expand or contract depending upon the nature of the factors being considered, and the extent to which the exercise of that discretion depends upon the opportunity the trial judge had to feel the pulse of the trial and to rely on his own impressions in determining questions of fairness and justice.

*Id.* at 58–59, 612 A.2d 1294. Finally, the Court pointed out that it knew of no case in which it had disturbed the lower court's exercise of discretion in denying a motion for a new trial based on the inadequacy or excessiveness of damages.

*Id.* at 57–58, 612 A.2d 1294 (quoting *Kirkpatrick v. Zimmerman*, 257 Md. 215, 218, 262 A.2d 531 (1970)).

The Court's reasoning in *Buck* was applied in *Butkiewicz v. State*, 127 Md.App. 412, 732 A.2d 994 (1999), where this Court held that the trial court did not abuse its discretion in denying appellant's motion for new trial based on the claim that the jury's verdict was against the evidence. In *Butkiewicz*, we recognized "that resolution of appellant's motion depended intrinsically upon 'the judge's evaluation of the character of the testimony and of the trial,' and its determination of 'the core question of whether justice has been done....'" *Id.* at 430, 732 A.2d 994 (quoting *Buck*, 328 Md. at 57, 612 A.2d 1294), such that we could not say that the trial court had abused its discretion in denying appellant's motion for new trial.

As in *Butkiewicz,* the *Buck* Court characterized appellant's argument as suggesting that the verdict, as it pertained to damages, was against the weight of the evidence. *Buck*, 328 Md. at 60, 612 A.2d 1294. Recognizing that a jury verdict that is against the weight of the evidence is historically a proper ground for the grant of a new trial, the Court went on to state that such a claim "requires assessment of credibility and assignment of weight of evidence—a task for the trial judge." *Id.* The Court concluded that it could not substitute its judgment for that of the trial judge, who was in a better position to make such a determination. *Id.* at 61, 612 A.2d 1294.

Finally, in *Thodos v. Bland*, 75 Md.App. 700, 542 A.2d 1307 (1988), this Court affirmed the trial court's denial of a new trial motion despite its admission that if it had been ruling on appellant's new trial motion, it would have granted it. *Id.* at 717, 542 A.2d 1307. In the opinion, Chief Judge Bell, now on the Court of Appeals, explained that,

when the consequences of a particular exercise of discretion are clear, i.e., one result is clearly unjust and the other, clearly not, the limits of the exercise of discretion are narrow. 71 Md.App. at 510, 526 A.2d 614. On the other hand, when the consequences are not so clear, i.e., no result

**30**

is clearly just or unjust, the limits of the exercise of discretion are considerably broader. Indeed, in the latter situation, we will not find an abuse of discretion whichever way the trial court may choose to exercise discretion. *Id.* Pertinent to each of these situations is the additional consideration, whether, be it just or unjust, the result is lawful. If the result is unjust, but also lawful, the mere fact that it was achieved by the trial judge's exercise of discretion will not render that exercise an abuse of discretion.

*Id.* at 712, 542 A.2d 1307. Although we recognized that the trial court's denial of the motion for new trial "patently effects a real injustice to appellant," we concluded that "the result effected by the exercise of discretion [was] a lawful one; the jury was at liberty to reach the conclusion that it did." *Id.* at 713, 542 A.2d 1307.

These cases support our conclusion that the court did not abuse its discretion in denying appellant's motion for new trial. Appellee offered evidence refuting appellant's claim of causation, including (1) appellant did not claim any injuries at the scene of the accident, (2) appellant went to see a lawyer before going to a doctor, (3) there were gaps in treatment, and (4) appellant had been involved in an accident in 1995, in which she struck her head on the window of her vehicle. In addition, the jurors were free to accept or reject all or any part of any witness's testimony or the reports of the experts. Even though appellee's expert's report stated that appellant sustained some injury and that some treatment was reasonable, the jury was not required to accept the expert's conclusions. We are not in a position to second-guess the jury's refusal to award damages and, therefore, hold that the circuit court did not abuse its discretion in denying the motion for new trial.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**