859 A.2d 274

Douglas D. EDSALL, et ux.

v.

Cynthia Wood HUFFAKER, et vir.

No. 1572, Sept. Term, 2003.

Court of Special Appeals of Maryland.

Oct. 6, 2004.

Michael J. Jacobs (Melanie J. Barney, Jacobs & Barney, on brief), Easton, for appellant.

Charles E. Wilson, III (McCarthy Wilson, on brief), Rockville, for appellee.

Panel SONNER,* EYLER, DEBORAH S., ROBERT L. KARWACKI, (Retired, specially assigned) JJ.

KARWACKI, J.

In a personal injury action in the Circuit Court for Talbot County (William S. Horne, J. presiding), a jury awarded appellants, Douglas D. Edsall and Debra Renee Edsall, zero damages in a suit brought by them against Dr. Cynthia Huffaker, appellee.[1]  Judgment was entered for appellee and appellants filed a Motion for New Trial.  Judge Horne denied appellants' Motion.  In this appeal, appellants argue that Judge Horne abused his discretion in denying their motion.[2]

---

* Sonner, J., participated in the hearing and conference of this case while an active member of this Court;  he participated in the adoption of this opinion as a retired, specially assigned member of this Court.

1.  James D. Huffaker was dismissed from the case by Order dated October 29, 2002.  His dismissal from the case is not at issue in this appeal.

2.  Appellants submit that because the issues presented in this case are substantially related to issues pending before the Court of Appeals in *Bienkowski v. Brooks,* Court of Appeals No. 34, September Term 2003, they have filed a Petition for Writ of Certiorari with the Court of Appeals.  No ruling has issued on that Petition.

In *Bienkowski v. Brooks,* Bienkowski, the surviving spouse of his wife, a pedestrian killed by a motorist, brought personal injury, survivorship, and wrongful death actions against the motorist, Brooks.  In the Circuit Court for Anne Arundel County (Robert H. Heller, J.), a jury found for Bienkowski and awarded him $26,744.47 in damages.  Judge Heller denied Bienkowski's motion for a new trial as to damages only.  Bienkowski then filed a notice for in banc review.  The in banc panel found that Judge Heller abused his discretion in failing to grant a new trial. Brooks appealed.  This Court held that Judge Heller did not abuse his discretion in denying Bienkowski's motion for a new trial.  *Brooks v. Bienkowski,* 150 Md.App. 87, 136–37, 818 A.2d 1198 (2003).  Bienkowski appealed to the Court of Appeals.  On June 19, 2003, the Court of

## Background

Returning home from work on the evening of December 29, 1998, Douglas Edsall was driving eastbound on Route 50 in Maryland. Cynthia L. Huffaker, M.D., also returning home from work, was traveling westbound on Route 50. Almost completely dark in drizzling rain, visibility was reduced as Mr. Edsall and Dr. Huffaker approached the intersection of Routes 50 and 404 from opposite directions.

Dr. Huffaker attempted to apply her brakes when she noticed that the traffic ahead of her was slowing. When she could not locate her brake pedal, she applied her emergency brake, causing her car to spin across the median and collide with Mr. Edsall's oncoming vehicle. Although both cars were totaled, both Mr. Edsall and Dr. Huffaker refused treatment and walked away from the accident. Dr. Huffaker admitted liability to the police officer at the scene and ultimately at the trial of the instant case.

Although Mr. Edsall was badly shaken by the accident, he did not initially believe that he had been injured. He did not remember striking his knee in the accident. Within days of the accident, however, he began experiencing pain in his right knee, for which he sought medical treatment. Since that time, Mr. Edsall has had two knee operations and continues to require treatment.

On January 7, 1999, complaining of pain in his right knee, Mr. Edsall consulted with Dr. Myron Szczukowski, M.D., an orthopedic surgeon.[3] Dr. Szczukowski testified that Mr. Edsall had a knee injury that involved both the plica[4] and the cartilage. Mr. Edsall's MRI (magnetic resonance imaging) showed no abnormalities. When conservative treatment, *e.g.*, anti-inflammatory drugs, failed to remedy the problem, Mr.

---

Appeals granted Bienkowski's petition for certiorari. *Bienkowski v. Brooks,* 376 Md. 49, 827 A.2d 112 (2003).

3. Dr. Szczukowski testified at trial by videotaped deposition.

4. A plica is an extra band of tissue in the knee. Only a small percentage of the population has plicas.

Edsall had surgery to remove the plica in the right knee. Dr. Szczukowski testified that, after the first surgery, he found tendonitis in Mr. Edsall's knee, which he concluded was not caused by the accident. As a result of the first surgery, Mr. Edsall developed scar tissue in his knee. Dr. Szczukowski conducted another surgery to remove the scar tissue. Dr. Szczukowski also found degenerative problems in Mr. Edsall's right knee.

Dr. Szczukowski testified that the plica was an extra band of tissue that some people have in their knees and that it was not created by the accident. He also testified that, of those who have plicas, some people have problems and some do not. The problems can be caused either by a direct blow or a twist to the knee or through heavy repetitive use of the knee. Dr. Szczukowski testified that the accident could have aggravated the plica. He testified that the sports Mr. Edsall was involved in before the accident could also aggravate the plica.[5]

The essence of Dr. Szczukowski's testimony was that (1) there was or may have been a causal relationship between the accident and the knee injury and (2) the treatment expenses were reasonable.

Further evidence was produced that, prior to the date of the accident, Mr. Edsall was physically active and played numerous sports, including soccer, lacrosse, and baseball. In addition, during the winter of 1998, around the time of the accident, Mr. Edsall was coaching indoor soccer.

Appellants also presented evidence to show that Mr. Edsall's knee injury caused him to lose wages and adversely impacted his marriage. Dr. Huffaker offered no evidence in her defense.

At the conclusion of the trial, Judge Horne instructed the jury on the applicable law. Judge Horne told the jury that

─────────

5. Mr. Edsall had visited the doctor's office complaining of pain in his left knee in 1993. Dr. Szczukowski testified that about a month before the accident, Mr. Edsall had visited the office to see another doctor for treatment to injuries to his back caused by falling down the stairs.

they were free to believe all, some, or none of the witnesses' testimony and that they were free to disregard the doctor's opinion. Judge Horne also instructed the jury that the amount of damages, if any, was to be based on the evidence.[6] The jury returned a verdict against the appellee on liability, but awarded Mr. Edsall no damages.

Mr. Edsall filed a motion for a new trial. Judge Horne denied the motion. This appeal ensued.

### Discussion

■ Appellants argue that Judge Horne abused his discretion in denying their motion for a new trial because liability

---

6. Judge Horne instructed the jury as follows, in pertinent part:
   > You are the sole judges of whether testimony should be believed.... In determining whether a witness should be believed you should carefully judge all of the testimony and evidence and the circumstances under which each witness has testified. Among the factors which you should consider are the following. The witness' behavior on the stand and way of testifying. The witness' opportunity to see or hear the things about which testimony was given. The accuracy of the witness' memory. Did the witness have a motive not to tell the truth? Did the witness have an interest in the outcome of the case? Was the witness' testimony consistent? Was the witness' testimony supported by or contradicted by other evidence, and whether and the extent to which the witness' testimony in court differed from statements made by the witness on any previous occasions. You need not believe any witness even though the testimony is uncontradicted. You may believe all, part or none of the testimony of any witness. An expert witness is a witness who has special training or experience in a given field. You should give expert testimony the weight and value you believe it should have. You are not required to accept any expert's opinion. You should consider an expert's opinion, together with all of the other evidence....
   >
   > You, not I, are the sole judges of the believability of witnesses and of the weight of the evidence.... In determining whether a party has met the burden of proof you should consider the quality of all of the evidence regardless of who called the witness or introduced the exhibit and regardless of the number of witnesses which one party or the other may have produced....
   >
   > In this case the Defendant has admitted responsibility for any injuries or damages. You need only decide the amount of damages the Plaintiff should be awarded.... For the Plaintiff to recover damages the Defendant's negligence must be a cause of the Plaintiff's injuries....

was stipulated and the evidence showed that the injury was "caused by the accident." [7]

■ A trial court's denial of a motion for a new trial is ordinarily reviewed only for an "abuse of discretion." *Mason v. Lynch*, 151 Md.App. 17, 28, 822 A.2d 1281, *cert. granted*, 374 Md. 582, 824 A.2d 58 (2003) (citations omitted). It is well settled that "[t]he trier of fact may believe or disbelieve, accredit or disregard, any evidence introduced. . . ." A reviewing court may not decide on appeal how much weight should have been given to each item of evidence. *Great Coastal Express, Inc. v. Schruefer*, 34 Md.App. 706, 725, 369 A.2d 118 (1977) (citations omitted). When results cannot be characterized as " 'clearly unjust, we will not find an abuse of discretion whichever way the trial court may choose to exercise discretion.' " *Holden v. Blevins*, 154 Md.App. 1, 8 n. 9, 837 A.2d 1053 (2003) (quoting *Thodos v. Bland*, 75 Md.App. 700, 712, 542 A.2d 1307 (1988)).

■ A jury is not required to accept the testimony of an expert witness. In *Mason* we held that Cathy Mason, a motorist involved in an automobile accident, was not entitled to a new trial in a personal injury action in which the jury

---

7. Appellants presented the following questions for our review:

I. Did the trial court err in denying the motion for new trial on damages in a trial resulting in a zero jury verdict which involved stipulated liability of the defendant and unrebutted medical testimony that two knee surgeries and permanent impairment of the injured knee, as well as significant wage losses and related damages, were caused by the accident in issue, where no defense evidence was presented at trial on any topic.

II. Did the denial of the motion for new trial under those circumstances constitute a denial of a remedy and access to a remedy in violation of Article 19 of the Maryland Declaration of Rights.

III. Under the facts of this case, was the jury permitted to impliedly reject the premise that the accident caused the otherwise unexplained immediately occurring permanent injuries, treatment, and damages, in light of the undisputed plaintiffs' evidence of causation, special damages, and permanency, without some evidentiary basis for an alternative explanation of causation consistent with the evidence.

IV. Was the verdict in this case awarding no damages against the weight of the evidence adduced at trial, so as to require a grant of the plaintiffs' motion for new trial.

found in her favor on the issue of liability but awarded her no damages, even though all the experts (plaintiff's and defendant's) agreed that she had sustained some injury due to the accident. 151 Md.App. at 27–30, 822 A.2d 1281. Lynch, the second motorist, offered evidence refuting the motorist's claim of causation, including (1) Mason did not claim any injuries at the scene of the accident, (2) Mason went to see a lawyer before going to a doctor, (3) there were gaps in treatment, and (4) Mason had been involved in an accident in 1995. *Id.* at 30, 822 A.2d 1281. We stated that the jury was free to accept or reject all or any part of any witness's testimony or reports of experts. *Id.* "Even though [Lynch]'s expert's report stated that appellant sustained some injury and that some treatment was reasonable, the jury was not required to accept the expert's conclusions." *Id.*

Although Dr. Huffaker did not present expert testimony, or any other testimony or evidence, to contradict the testimony of appellant's expert, this did not make the evidence that the accident caused Mr. Edsall's injury to his right knee uncontroverted. Besides Mr. Edsall's testimony that his knee began to hurt a few days after the accident, the only other evidence of causation was the testimony of Mr. Edsall's expert, Dr. Szczukowski, that the injury could have been caused by the accident, but could also have been caused by something else. In addition, Dr. Szczukowski testified that there were other problems with Mr. Edsall's knee, such as tendonitis, that could not have been caused by the accident. The jury was free to weigh this testimony, and appellee was not required to hire an expert to testify in opposition to appellant's expert's testimony.

In support of their argument, appellants rely on *Allstate Insurance Company v. Miller,* 315 Md. 182, 553 A.2d 1268 (1989), in which the Court of Appeals held that the trial court did not err by declaring a motorist uninsured as a matter of law when the injured passenger bringing suit produced "thorough documentation" that the motorist was uninsured and Allstate merely argued, without evidentiary support, that the

344

defendant may have had a personal injury policy. *Id.* at 188, 553 A.2d 1268. The jury returned a verdict against the driver and the insurance company for damages. Allstate challenged the trial court's ruling on appeal, arguing that the defendant "was not an uninsured motorist as a matter of law because the facts supporting this interpretation were not uncontroverted." *Id.* at 186, 553 A.2d 1268. The Court stated that a jury is required to accept evidence that is uncontroverted and that "the plaintiff's uncontradicted evidence becomes uncontroverted on the basis of the plaintiff's thorough documentation and the defendant's complete inaction." *Id.* at 188, 553 A.2d 1268. The mere suggestion by Allstate that the motorist might have had a personal policy was insufficient to prevent the court from reaching this conclusion. *Id.*

Appellants bore the burden to prove not only that Dr. Huffaker was negligent, but that this negligence caused the injury complained of, *i.e.*, Mr. Edsall's knee injury. While the injured motorist in *Miller* produced uncontroverted proof by way of documentation that the second motorist was uninsured, appellants failed to present uncontroverted evidence that the accident caused Mr. Edsall's knee injury. In addition to the inconclusive testimony by Dr. Szczukowski, Mr. Edsall testified that he does not remember hitting his knee during the accident, that he walked away from the accident and that he felt no pain directly after the accident. He also testified that he was heavily involved in sports prior to the accident. The jury was presented with a question of causation and the jury was permitted to come to its own conclusion on the issue.

The motion for new trial in this case involved the weight of the evidence instead of the admissibility or quality of newly discovered evidence or other technical matters. It therefore required the trial judge to draw upon his own view of the weight of the evidence, a responsibility that carries with it a very broad range of discretion. *Buck v. Cam's Broadloom Rugs, Inc.*, 328 Md. 51, 59, 612 A.2d 1294 (1992). Under the

circumstances of this case, we hold that the circuit court did not abuse its discretion in denying the motion for new trial.[8]

## JUDGMENT AFFIRMED.

## COSTS TO BE PAID BY APPELLANTS.

---

8. Appellants suggest that this Court establish a rule that, as a matter of law, a trial court must grant a motion for a new trial in zero dollar verdict cases where damages have been proven. We refuse to address this proposal because, as we do not believe that damages were incontrovertibly proven, it is not properly before us.

Appellants also claim that the denial of the motion for a new trial under the circumstances of this case constitutes a denial of a remedy and access to a remedy in violation of Article 19 of the Maryland Declaration of Rights. The exercise of discretion by the trial courts is a necessary aspect of our legal system. To deny them discretion would require an appellate court to essentially re-try every case before it. This is absurd and would create an unworkable system. Therefore, we dismiss the proposal. Appellants were given the opportunity to "win" a remedy from the trial court. Appellants were not denied any constitutional rights. Instead, they were simply unable to convince a jury of their case.